# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK, COUNTY OF NEW YORK

| | |
|---|---|
| CANDICE LUE, an individual,<br><br>Plaintiff,<br><br>V.<br><br>JPMORGAN CHASE & CO., a Delaware Corporation; ALEX KHAVIN, an individual; FIDELIA SHILLINGFORD, an individual; KIMBERLY DAUBER, an individual; BARUCH HOROWITZ, an individual; CHRIS LIASIS, an individual; and MICHELLE SULLIVAN, an individual; inclusive,<br><br>Defendants. | CIVIL ACTION NO.: 19 CV 9784 (KPF) (SDA)<br><br>**AMENDED COMPLAINT FOR:**<br><br>(1) *DEFAMATION*;<br><br>(2) *COMMON LAW CONSPIRACY*;<br><br>(3) *FALSE AND FRAUDULENT ACTS AND CONDUCT*<br><br>(4) *ACTUAL MALICE*;<br><br>(5) *LIBEL*;<br><br>(6) *DEFAMATION PER SE*;<br><br>(7) *DEFAMATION BY IMPLICATION*.<br><br>**DEMAND FOR JURY TRIAL** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10-30-19

**First Amended Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(1)(A)**

Proposed Change to Complaint

Amend this Complaint to include Cause of Action for False and Fraudulent Acts and Conduct ("Third Cause of Action").

## COMPLAINT

I, Pro Se Plaintiff, Candice Lue ("Candice Lue"), hereby file this action against JPMorgan Chase & Co. ("JPMorgan Chase"), Alex Khavin ("Khavin"), Fidelia Shillingford ("Shillingford"), Kimberly Dauber ("Dauber"), Baruch Horowitz ("Horowitz"), Chris Liasis ("Liasis") and Michelle

**FIRST AMENDED COMPLAINT** 1

Sullivan ("Sullivan"), inclusive (collectively "Defendants" or "JPMorgan Chase & Co., et al") for Defamation, Common Law Conspiracy, False and Fraudulent Acts and Conduct, Actual Malice, Libel, Defamation Per Se and Defamation by Implication.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 due to diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3.     I, Candice Lue, Plaintiff, at all times relevant to this Complaint and at all times mentioned herein is a former employee of Defendant JPMorgan Chase & Co., and reside and work in the state of New Jersey.

4.     Defendant JPMorgan Chase & Co. is a Delaware corporation with its principal place of business located at 270 Park Avenue, New York, NY 10017 in the County of New York.

5.     Defendant Alex Khavin at all times mentioned herein is an employee/former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

6.     Defendant Fidelia Shillingford at all times mentioned herein is an employee/former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

**FIRST AMENDED COMPLAINT**                                                           2

7.     Defendant Kimberly Dauber at all times mentioned herein is an employee/former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

8.     Defendant Baruch Horowitz at all times mentioned herein is a former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

9.     Defendant Chris Liasis at all times mentioned herein is an employee/former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

10.     Defendant Michelle Sullivan at all times mentioned herein is an employee/former employee of Defendant JPMorgan Chase & Co., located at 270 Park Avenue, New York, NY 10017 in the County of New York.

## STANDING

11.     I, Plaintiff, Candice Lue have standing to bring this action because I have been directly affected, victimized and severely damaged by the unlawful and criminal conduct complained herein.  My injuries are directly and/or proximately related to the conduct of JPMorgan Chase & Co., et al.

## FACTS

12.     I, pro se Plaintiff, Candice Lue is a former employee of Defendant JPMorgan Chase & Co.

13.     As the only Black analyst to have joined JPMorgan Chase & Co.'s Asset Management Counterparty Risk Group, Executive Director and Head of the said group, Defendant Alex Khavin (as if I were the new "help/house slave" for the non-Black, lax employees of the said group who consistently failed to have their presentation materials ready for the 8:00 AM Monthly Governance

Meetings to start on time), solely assigned me the racially stereotypical and discriminatory tasks ("Tasks") of taking the minutes for the said meeting (a task which was so undesirable that Khavin made it rotational among all the non-Black analysts and associates before I joined the team) and the tasks (which never existed before I joined the team) of printing, collating, stapling and lugging 13 copies of each of the said non-Black team member's presentation materials to the said monthly meeting where the said non-Black team members, including the ones on my job level, would be waiting to "be served".

14.    On April 29, 2016, I, Plaintiff, Candice Lue filed an Employment Racial Discrimination and Retaliation lawsuit (1:16-CV-03207) against JPMorgan Chase & Co. and eight (8) of its current and/or former employees named as: Alex Khavin; Fidelia Shillingford; John Vega; Helen Dubowy; Philippe Quix; Thomas Poz; Chris Liasis and Michelle Sullivan in the Southern District Court of New York, County of New York.

15.    On May 9, 2017, the Defendants named in #14 filed a Motion for Summary Judgment and on March 27, 2018, District Court Judge Alison J. Nathan entered a Memorandum Opinion & Order granting each of the said nine (9) Defendants named in #14 their Motion for Summary Judgment to dismiss my Employment Racial Discrimination and Retaliation lawsuit against them with prejudice.

16.    On April 24, 2018, I, Plaintiff, Candice Lue filed a timely Notice of Appeal in the Second Circuit Court of Appeals (18–CV-01248) and on August 3, 2018, my "Brief of Appellant Candice Lue" and "Appendix of Appellant Candice Lue" were entered onto the said Court's docket.

17.    In the "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on **November 2, 2018** by the Defendants named in #14, JPMorgan Chase & Co., et al defamed my character whereby they knowingly made false, misleading, libelous, perjurious and disparaging statements against and about me that maliciously and mendaciously

made me out to be a vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee.

18.    To further defame my reputation and character, JPMorgan Chase & Co., et al made the said false, misleading, libelous, perjurious, malicious, mendacious and disparaging statements against and about me **under penalty of perjury** in Declarations pursuant to 28 U. S. C. § 1746.

19.    Pursuant to 18 USC § 4 - MISPRISION OF FELONY which states: "*Whoever, having knowledge of the actual commission of a felony* [18 USC § 1621 – Penalty of Perjury] *cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some JUDGE or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both*", via several motions (including a Writ of Mandamus - 17 – 2751) I filed with the Courts as well as in my April 18, 2019 Second Circuit Court of Appeals oral argument, I repeatedly informed District Court judge, Alison J. Nathan and the Second Circuit Court of Appeals judges who presided over my Employment Racial Discrimination and Retaliation lawsuit, that statements made in JPMorgan Chase & Co., et al's Declarations pursuant to 28 U. S. C. § 1746, which have severely defamed my character and reputation, are criminal and perjurious but the said Courts had become so corrupted by JPMorgan Chase & Co., et al and their attorneys, that my reports of the CRIME of Perjury were ignored.

20.    These false, misleading, perjurious and defamatory statements were published in JPMorgan Chase & Co., et al's "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018 for U.S. Courts and the general public to have access to as public information and for legal websites to republish and peddle nationally and internationally.  By simply Googling my name, anyone in the world can read and/or purchase copies of the said misleading, libelous, perjurious, malicious, mendacious and disparaging statements about and against me which were published with actual malice by JPMorgan Chase and Co., et al.

**FIRST AMENDED COMPLAINT**                                                           5

### FIRST CAUSE OF ACTION

**Defamation**

**(Against All Defendants)**

21.    I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

22.    On page 4 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, to make me out to be a lying, troublesome and a less desirable/undesirable employee, JPMorgan Chase & Co., et al published that: "*Except for the first few months of her employment, Lue reported to Michelle Sullivan while she was in the Commodities Operations Department*". This statement is a lie. I reported to Sullivan from the inception of my employment (August 20, 2012) through November 7, 2014 (my last working day in the Investment Banking Global Commodities Confirmations Department). My December 2012 Performance Review which JPMorgan Chase & Co., et al intentionally omitted from the Defendants named in #14 "Supplemental Appendix" (Declaration of Michelle Sullivan) and which they are pretending does not exist because of the very favorable comments that Sullivan wrote about me shows JPMorgan Chase's and Sullivan's malicious intent to defame my reputation and character by way of omission.

This false and misleading statement does not only contradict what I stated in paragraph 49 of my Amended Complaint thus making me out to be a liar but it was an intentional omission of the truth, via my 2012 performance review, to avoid me from seeming to be anything but the vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee that JPMorgan Chase & Co., et al are trying to make me out to be. JPMorgan Chase and Michelle Sullivan, who made this statement **under penalty of perjury** thus further defaming my character, knowingly made and published with malice this false and misleading statement, and/or at a minimum acted and published with a reckless disregard for the truth.

23.    On page 4 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published defamatory snippets of comments Chris Liasis, my then skip level manager made on my 2013 mid-year performance review.  One of the defamatory snippets from Liasis' comments which makes me out to be a less desirable/undesirable employee was: "*communication style requires continued refinement*".  This defamatory snippet was intentionally and strategically placed on page 4 of the Defendants named in #14 "Brief for Defendants-Appellees" to defame my character without regard for the truth that this "*communication style*" comment stems from a "feedback" that Chris Liasis, who is a racist, gave me, a Black employee, in the verbal portion of my said 2013 mid-year performance review where he told me: "*you are very professional. You need to tone down your professionalism to integrate with the* [mostly minorities] *team*" (Am. Compl. ¶¶ 200 - 202).

JPMorgan Chase knowingly published this defamatory snippet with malice to make me out to be a less desirable/undesirable employee because on page 5 of the said 2013 mid-year performance review from which they picked out this snippet is my rebuttal to Liasis' "*communication style*" comment which was solely based on what transpired in the said verbal portion of my 2013 performance review.  My said rebuttal states: "*Complaints about my emails being too thorough or me escalating priority queries when I am not scheduled to do so or my need to be **less professional**, do not do much in the enhancement of the Confirmations process as a whole.*"

In addition, earlier on page 5 of the said 2013 mid-year performance review in my response to Liasis' "*communication style*" comment, I further stated: "*My **communication style** is for the most part very thorough but that is because I usually prefer to solve queries as efficiently as possible instead of through constant back and forth emails/phone calls.*"  But because I had the gall to stand up to the racist culture at JPMorgan Chase, as if back in the day when it was disrespectful

for a Black person to look into the eyes of a White man/woman, JPMorgan Chase wants to defame my character by using Chris Liasis' *"communication style"* comment to make me out as being a less desirable/undesirable employee.

In conjunction, Michelle Sullivan also wrote on page 10 of my 2014 mid-year performance review that: *"Another key development point for Candice is tailoring her **communication style** for her audience. She should try to move away from detailed explanation of investigation and steps performed (although good when training team members)"*, further showing that Liasis' *"communication style"* comment had to do with my thorough *"communication style"* and being *"too professional"* for a Black employee and that JPMorgan Chase portraying Chris Liasis' comment in a defamatory light to defame my character is wholly malicious intent.

JPMorgan Chase knowingly published with malice this misleading statement in their quest to make me out to be a less desirable/undesirable employee, and/or at a minimum acted and published with a reckless disregard for the truth.

24.    In reference to the undesirable, racially stereotypical and discriminatory Tasks that my former skip level manager, Alex Khavin solely assigned to me, the only Black analyst in the Counterparty Risk Group ("CRG") as if I were the "help/house slave" for the non-Black members of the team, the said Tasks that prompted my report of Employment Racial Discrimination and Retaliation to the Equal Employment Opportunity Commission (EEOC), on page 7 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published that: *"However, prior to Lue's arrival in the CRG, Baruch Horowitz, a Caucasian male and a Senior Associate (a higher rank than Lue's role of Analyst), was solely responsible for performing the Tasks. (SA 23, 64-65, 146, 152-53.)"*  On page 19 of the said "Brief for Defendants-Appellees", the said Defendants also published that: *"While Lue claims that these assignments singled her out because she is Black, the*

**FIRST AMENDED COMPLAINT**                                                    8

*tasks had in fact been assigned to and exclusively performed by Lue's predecessor, a Caucasian,*
*before her arrival in the group.*"

These statements are barefaced, defamatory lies. These false, misleading, libelous, perjurious, malicious and disparaging statements were published by JPMorgan Chase and Co., et al to make me, Plaintiff, Candice Lue out to be an elitist, vindictive and troublesome Black employee who refused to do the Tasks that were done by "*a Caucasian male and a Senior Associate (a higher rank than Lue's role of Analyst)*". These false, misleading, libelous, malicious and disparaging statements which, to further defame my character and to add insult to injury, were made **under penalty of perjury** *(SA 23, 64-65, 146, 152-53)* by:

➢ Fidelia Shillingford on page 3 of her Declaration pursuant to 28 U.S.C. § 1746 ("Supplemental Appendix" page 23);

➢ Alex Khavin on pages 3 - 4 of her Declaration pursuant to 28 U.S.C. § 1746 ("Supplemental Appendix" pages 64 - 65);

➢ Kimberly Dauber on page 2 of her Declaration pursuant to 28 U.S.C. § 1746 ("Supplemental Appendix" page 146); and

➢ Baruch Horowitz on pages 1 - 2 of his Declaration pursuant to 28 U.S.C. § 1746 ("Supplemental Appendix" pages 152 - 153).

JPMorgan Chase & Co., et al also published on page 9 of the said "Brief for Defendants-Appellees" that: "*Vega* ["*an Executive Director in Chase's Employee Relations department*"] *found, among other things, that (i) everyone who occupied this role was responsible for the Tasks regardless of race*" and on page 35 that: "*As* [JPMorgan Chase & Co., et al's] *undisputed facts show, Khavin had previously assigned this same task to Baruch Horowitz, a White man with a higher job title than Plaintiff, suggesting that the assignment of the Tasks to Plaintiff was unrelated to race*". Yet, it has been more than two years now that I have requested that JPMorgan Chase &

Co., et al provide at least one (1) year of consecutive emails showing Baruch Horowitz sending out the minutes for the Counterparty Risk Group's Monthly Governance Meetings, the task JPMorgan Chase & Co., et al claim he was exclusively assigned and performed and to produce any email correspondence such as the ones I am able to produce, to prove that, just like me, Plaintiff, Candice Lue, who is Black, Baruch Horowitz, "*a White man with a higher job title than Plaintiff*", was exclusively assigned and performed the task of the printing, organizing, sorting, collating, stapling, etc. of presentation materials for each of the team members of the said Counterparty Risk Group – Over two years and not one piece of actual evidence has been produced.

These malicious, false, misleading, barefaced and defamatory lies not only wholly contradict a major premise of my Employment Racial Discrimination and Retaliation Complaint that as the only Black analyst in the Counterparty Risk Group, Alex Khavin treated me as the "help/house slave" for the non-Black members of the team as I was the only member during my tenure and prior to me joining the said group to have ever been solely assigned the said undesirable, racially stereotypical and discriminatory "Tasks" but these libelous statements **under penalty of perjury** have defamed my reputation and my character by making me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee.   JPMorgan Chase, Fidelia Shillingford, Alex Khavin, Kimberly Dauber and Baruch Horowitz, knowingly made and published with malice these false and misleading statements, and/or at a minimum acted and published with a reckless disregard for the truth.

25.    On page 11 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published that: "*Another* [White] *member of the group had to step in and print the materials in Lue's stead*". This is a lie to its core in JPMorgan Chase & Co., et al's quest to defame my character by making me out to be a Black employee who is elitist, vindictive, lying, troublesome, uncongenial and

undesirable. Unlike the "Tasks" that were solely assigned to me, the only Black analyst in the group, this White *"member of the group"* did not print, collate, staple, etc. 13 copies of each of the team member's presentation materials (*"the materials in Lue's stead"*) for either the August 2015 and/or the September 2015 Governance Meeting. All this White employee (a ploy) did, was for the August 2015 meeting, he went around and told the other members of the group to print 13 copies of their own presentation materials for the Governance Meeting (which included putting the pages in order and stapling) then to give them to him for him to put in order of the Governance Meeting Agenda ("collate") for him to take into the said meeting the next day. And, for the September 2015 meeting, he sent out the same instructions via email dated September 23, 2015 which I provided a copy of to the Defendants named in #14 via Exhibit OO-1 in response to the said Defendants' Motion for Summary Judgment. This said email evidence from the White *"member of the group"* stated: *"All, Please print your materials and provide them to me. I will be collating* [putting them in order of the Governance Meeting Agenda] *and bringing tomorrow"*. JPMorgan Chase & Co., et al knowingly made and published with malice the false and misleading statement on page 11 of the Defendants named in #14 "Brief for Defendants-Appellees" to defame my character by making me out to be a Black employee who is elitist, vindictive, lying, troublesome uncongenial and undesirable, and/or at a minimum acted and published with a reckless disregard for the truth.

26.    On page 33 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published that: *"Khavin made the decision that Shillingford would supervise whomever was hired for the Reporting Analyst role in order to give Shillingford managerial experience. (SA 22, 63.) This occurred before Khavin knew who would be hired into the role and before she knew of Plaintiff* [Candice Lue] *or her race. (SA 63). Shillingford also expressly told Plaintiff during her interview that if she were hired, she would report to Shillingford. (SA 22)"*.

**FIRST AMENDED COMPLAINT**

Based on statements I made in the Employment Racial Discrimination and Retaliation lawsuit I filed against the Defendants named in #14, these false and misleading statements made **under penalty of perjury** *(SA 22, 63)* and available on websites for anyone and everyone in the world to read and/or to purchase have defamed my character by making me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee. JPMorgan Chase & Co., et al possess and I have provided to the said Defendants incontrovertible evidence that these statements are false especially considering the fact that **no** manager gives an employee whose performance is on a downward trend the promotion of *"managerial experience"* and **no** employee goes to his/her manager to express his/her need for *"managerial experience"* when that employee's performance is literally going down the tubes to the point where the manager to whom she is expressing her need for *"managerial experience"* sees it fit to put her on a development plan as a course of action (proof available). Also, at **no** time in my interview with Shillingford did she tell me that I would be reporting to her. While I have back and forth emails in addition to screenshots of the HR requisition for the Reporting Analyst position that opened on August 15, 2014 to prove that Kimberly Dauber was my hiring manager and was my hiring manager until November 5, 2014, the day before I was officially offered the job, the said day that *"Khavin switched* [my] *manager from Dauber, who is Caucasian, to Shillingford, who is Black, so that Khavin could neutralize her own discriminatory behavior toward Plaintiff* [Candice Lue] (page 33 - "Brief for Defendants-Appellees")", I have **nothing** of the sort for Fidelia Shillingford. However, I have the proof to show that my manager was changed *"from Dauber, who is Caucasian, to Shillingford, who is Black"* on November 5, 2014, two days after I met with Alex Khavin for my sixth and final interview and the day before I was officially offered the job (JPMorgan Chase document # 000221). As I said in my Affidavit in Response to "Declaration of Fidelia

Shillingford": "*if I was told [during [my] interview] that Shillingford was going to be my manager, my first instinct would have been "run!"*"

Alex Khavin further LIED in her Declaration pursuant to 28 U.S.C. § 1746 *(SA 63)* where she said that "*I made this decision* ["to give Shillingford managerial experience"] *based on discussions with Shillingford and my immediate manager, Philippe Quix, a Managing Director, and communicated the decision to Shillingford*" as, the Reporting Analyst position was first advertised in August 2014 and Philippe Quix joined the Asset Management Counterparty Risk Group and JPMorgan Chase for that matter in **September 2014**. Philippe Quix was not even an internal transfer who might have worked with Shillingford in any capacity. He came to JPMorgan Chase from Goldman Sachs in **September 2014**.

These false, misleading, malicious, mendacious and disparaging statements that were made **under penalty of perjury** by Alex Khavin and Fidelia Shillingford and as published by JPMorgan Chase & Co., et al in their "Brief for Defendants-Appellees" and "Supplemental Appendix", have/will subject me to hatred, contempt, distrust, ridicule, disgrace and pariah status by anyone who reads them, including potential employers as they make me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee.

JPMorgan Chase, Alex Khavin and Fidelia Shillingford knowingly made and published with malice these false and misleading statements, and/or at a minimum acted and published with a reckless disregard for the truth.

27. On page 34 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published that: "*Shillingford* [a Black, servile employee who JPMorgan Chase used as a conduit and a cover for their employment racial discrimination] *is also the person who made both the decision to hire Plaintiff and the decision to fire her*". This statement is a lie to its core. As it relates to Shillingford

"hiring" me, as I stated in #26: "*While I have back and forth emails in addition to screenshots of the HR requisition for the Reporting Analyst position that opened on August 15, 2014 to prove that Kimberly Dauber was my hiring manager and was my hiring manager until November 5, 2014, the day before I was officially offered the job.... I have **nothing** of the sort for Fidelia Shillingford*" and JPMorgan Chase & Co., et al cannot produce anything of the sort either.  And, as it relates to Shillingford "firing" me, JPMorgan Chase document Nos. 001612, 001630 and 001933 show otherwise as Shillingford was not even invited to any of the meetings where JPMorgan Chase's HR legal representatives were "*pre-planning*" and "*discussing*" my termination from the company. Shillingford was not even given the opportunity to personally communicate my termination to me. She sat with myself and Defendant named in #14, Thomas Poz, as he, Thomas Poz communicated/gave the termination directive to me.  The only thing that Shillingford did was, as instructed, handed me the "*As you leave guide*" that she was instructed to print (JPMorgan Chase document # 000327).

JPMorgan Chase and Fidelia Shillingford who made this statement **under penalty of perjury** ("Supplemental Appendix" pages 22 & 26) thus further defaming my character, knowingly made and published with malice this false and misleading statement in their quest to make me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee, and/or at a minimum acted and published with a reckless disregard for the truth.

28.    On pages 36 - 37 of the Defendants named in #14 "Brief for Defendants-Appellees" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al published that: "*Lue again disregards the testimony of both Horowitz and Shillingford, which shows that Horowitz and other analysts and associates did have to ask for and obtain permission before working from home. (SA 23, 153.)*" Yes, I absolutely disregard those testimonies.  Why?  Because they are barefaced false and misleading statements made **under penalty of perjury** to further

defame my character. While I am able to show actual proof as in JPMorgan Chase's internal emails that "*other analysts and associates did* [**not**] *have to ask for and obtain permission before working from home*" like I, the only Black analyst in the Counterparty Risk Group was directed to do, JPMorgan Chase & Co., et al cannot produce any such proof prior to me calling out double standard/disparate treatment against me on May 7, 2015 as it relates to the company's work from home benefit. I also have emails to prove that even when I asked in advance for permission to work from home, I was still denied that privilege and had to take the day off as a **vacation** day instead. The only thing JPMorgan Chase & Co., et al have as "proof" to show otherwise are "*the testimony of both Horowitz and Shillingford*" aka **lies made under penalty of perjury** to convincingly mislead U.S. Courts, the general public and legal websites that republish and peddle them nationally and internationally causing more harm to my reputation and character.

JPMorgan Chase, Fidelia Shillingford and Baruch Horowitz who made these statements **under penalty of perjury** ("Supplemental Appendix" pages 23 & 153) thus further defaming my character, knowingly made and published with malice these false and misleading statements in their quest to make me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee, and/or at a minimum acted and published with a reckless disregard for the truth.

29.    I, Plaintiff, Candice Lue have been severely harmed and damaged by the afore-stated false, misleading, libelous, perjurious, malicious, mendacious and disparaging statements as well as other false, misleading, libelous, perjurious, malicious, mendacious and disparaging statements republished in the Defendants named in #14 "Supplemental Appendix" on November 2, 2018 by JPMorgan Chase & Co., et al, because they have damaged my reputation, my character and me personally and have/will subject me to hatred, contempt, distrust, ridicule, disgrace and pariah status by anyone and everyone in the world who reads them, including potential employers as they make

me out to be a lying, vindictive, troublesome, uncongenial, elitist person and a less desirable/undesirable employee.

## SECOND CAUSE OF ACTION

### Common Law Conspiracy

### (Against Defendants JPMorgan Chase, Fidelia Shillingford, Alex Khavin, Kimberly Dauber and Baruch Horowitz)

30.     I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

31.     As published on pages 7, 9, 19, 35, etc. of the Defendants named in #14 "Brief for Defendants-Appellees" and pages 23, 64, 65, 146, 152, 153, etc. of their "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase, Fidelia Shillingford, Alex Khavin, Kimberly Dauber and Baruch Horowitz, acting as individuals, combined, associated, agreed or acted in concert with each other to unlawfully make false, misleading, libelous, perjurious, malicious, mendacious and disparaging statements **under penalty of perjury** against and about me for the sole purposes of intentionally injuring me, Plaintiff, Candice Lue, defaming my character and reputation and influencing the outcome of my Employment Racial Discrimination and Retaliation lawsuit against JPMorgan Chase & Co., et al.

32.     This conspiracy and pre-conceived plan by JPMorgan Chase, Shillingford, Khavin, Dauber and Horowitz constitute a conspiracy at common law.

33.     The said false, misleading, libelous, malicious, mendacious, perjurious, disparaging and conspiratorial statements were published with actual malice, as JPMorgan Chase, Shillingford, Khavin, Dauber and Horowitz knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

**FIRST AMENDED COMPLAINT**                                                    16

## THIRD CAUSE OF ACTION

### False and Fraudulent Acts and Conduct

### (Against All Defendants)

34.     I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

35.     In the Defendants named in #14 "Brief for Defendants-Appellees" and their "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al, acting as individuals, combined, associated, agreed or acted in concert with each other to commit false and fraudulent acts and conduct by knowingly, purposefully and intentionally making false, misleading, libelous, perjurious, malicious, mendacious and disparaging statements against and about me in their Declarations pursuant to 28 U.S.C. § 1746 for the sole purposes of intentionally injuring me, Plaintiff, Candice Lue, defaming my character and reputation, compromising the authority of the Court and influencing the outcome of my Employment Racial Discrimination and Retaliation lawsuit against them.

36.     JPMorgan Chase & Co., et al knowingly, purposefully and intentionally misrepresenting important material facts in statements they made in their Declarations pursuant to 28 U.S.C. § 1746 constitute False and Fraudulent Acts and Conduct.

37.     The said false, misleading, libelous, malicious, mendacious, perjurious, disparaging and fraudulent statements were published with actual malice, as JPMorgan Chase & Co., et al knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

## FOURTH CAUSE OF ACTION

### Actual Malice

### (Against All Defendants)

38.    I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

39.    JPMorgan Chase & Co., et al acted with actual malice because they knowingly published false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against and about me in their November 2, 2018 "Brief for Defendants-Appellees" and "Supplemental Appendix" which included perjurious Declarations pursuant to 28 U. S. C. § 1746.

40.    JPMorgan Chase & Co., et al acted with actual malice because they failed to retract and instead continued to publish these knowingly false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against and about me even though they have evidence in their possession which shows that these statements are false, misleading, libelous, malicious, mendacious, perjurious and disparaging.

41.    JPMorgan Chase & Co., et al acted with actual malice because they failed to retract and instead continued to publish these knowingly false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against and about me even after I presented them with solid evidence which shows that these said statements are false, misleading, libelous, malicious, mendacious, perjurious and disparaging.

42.    JPMorgan Chase & Co., et al acted with actual malice because they failed to retract and instead continued to publish knowingly false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against and about me even though they know that they have no credible evidence to back them up besides their perjurious Declarations.

43.    JPMorgan Chase & Co., et al acted with actual malice because they knowingly published false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against

and about me in their quest to make me out to be a vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee.

44.    JPMorgan Chase & Co., et al acted with actual malice because they knowingly published false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements against and about me to subject me to hatred, contempt, distrust, ridicule, disgrace and pariah status.

45.    These false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements were published with actual malice, as JPMorgan Chase & Co., et al knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

### FIFTH CAUSE OF ACTION
#### Libel
#### (Against All Defendants)

46.    I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

47.    In the Defendants named in #14 "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018, JPMorgan Chase & Co., et al defamed my character whereby they knowingly published false, libelous, perjurious and disparaging statements as statements of fact against and about me that maliciously and mendaciously made me out to be a vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee.

48.    These false, misleading, perjurious and defamatory statements were published in JPMorgan Chase & Co., et al's "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018 for U.S. Courts and the general public to

have access to as public information and for legal websites to republish and peddle nationally and internationally.

49.      These false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements were published with malice, as JPMorgan Chase & Co., et al knew that they were false and misleading statements of fact, and/or at a minimum acted and published with a reckless disregard for the truth.

## SIXTH CAUSE OF ACTION
### Defamation Per Se
### (Against All Defendants)

50.      I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

51.      As alleged herein, JPMorgan Chase & Co., et al published numerous false, misleading, perjurious and defamatory statements about and against me, Plaintiff, Candice Lue for U.S. Courts and the general public to have access to as public information and for legal websites to republish and peddle nationally and internationally to severely harm and damage my reputation and character.

52.       These false, misleading and defamatory statements are defamatory per se because they are naturally harmful statements that have made me out to be a vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee.  These false, misleading and defamatory statements have severely harmed and damaged my trade, my profession and me personally as they were made **under penalty of perjury** and they concern conduct, characteristics and a condition that make me out to be a vindictive, lying, troublesome, uncongenial and elitist person which is incompatible with being a desirable employee and a welcomed member of society. Damage is presumed by law when defamation per se is shown as alleged herein.

53.    In all careers, reputation is paramount.    And as such, making false statements, **under penalty of perjury** to make me, Plaintiff, Candice Lue out as being vindictive, lying, troublesome, uncongenial, elitist and less desirable/undesirable not only harm me personally but it destroys and/or limits my upward and outward career mobility, my ability to compete for more desirable jobs and my ability to be accepted as a welcomed and/or trusted member of society.

54.    These false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements were published with malice, as JPMorgan Chase & Co., et al knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

## SEVENTH CAUSE OF ACTION
### Defamation by Implication
### (Against All Defendants)

55.    I hereby repeat, re-allege and incorporate each foregoing and subsequent paragraph of this Complaint as though fully set forth herein and further allege as follows:

56.    JPMorgan Chase & Co., et al published numerous false, misleading, perjurious and defamatory statements against and about me, Plaintiff, Candice Lue, as set forth in "First Cause of Action".

57.    These false, misleading, perjurious and defamatory statements were published in the Defendants named in #14 "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018 for U.S. Courts and the general public to have access to as public information and for legal websites to republish and peddle nationally and internationally.

58.    These false, misleading and perjurious statements were published with malice, as JPMorgan Chase & Co., et al knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth.

59.    These perjurious and defamatory statements created the false and misleading implication that I, Plaintiff, Candice Lue is a vindictive, lying, troublesome, uncongenial and elitist person and a less desirable/undesirable employee.

60.    I, Plaintiff, Candice Lue have been severely harmed and damaged by these false, misleading, libelous, malicious, mendacious and disparaging statements that were made **under penalty of perjury** because they have/will subject me to hatred, contempt, distrust, ridicule, disgrace and pariah status.

61.    I, Plaintiff, Candice Lue have been damaged by these false, misleading, libelous, malicious, mendacious, disparaging and perjurious statements because they have severely harmed me by destroying, limiting and/or restricting my ability to gain better employment opportunities for my career growth as well as personally as pled herein.

62.    I, Plaintiff, Candice Lue have been severely harmed and damaged by these false, misleading, libelous, malicious, mendacious and disparaging statements made **under penalty of perjury** because it is easier for anyone/society to imply and/or to accept that the Courts and the powerful JPMorgan Chase & Co., et al are telling the truth versus me, Plaintiff, Candice Lue, a poor, Black person.

63.    I, Plaintiff, Candice Lue have told the Southern District Court of New York and the Second Circuit Court of Appeals numerous times and have provided numerous evidence to prove that statements made in JPMorgan Chase & Co., et al's "Motion for Summary Judgment" and their "Brief for Defendants-Appellees" and "Supplemental Appendix" filed in the Second Circuit Court of Appeals on November 2, 2018 are criminal and perjurious but the Courts have not only ignored my pleadings but they have consistently repeated and affirmed these said false, misleading, libelous, malicious, mendacious, perjurious and disparaging statements in their Court Orders and Judgments against me.    With that said, JPMorgan Chase & Co., et al have never retracted these false,

misleading, libelous, malicious, mendacious, perjurious and disparaging statements and/or apologized to me for making them thus the defamation as pled herein is ongoing and compounded each and every day.

## PRAYER FOR RELIEF

Wherefore, I, Plaintiff, Candice Lue pray for judgment against Defendants JPMorgan Chase & Co., Alex Khavin, Fidelia Shillingford, Kimberly Dauber, Baruch Horowitz, Chris Liasis and Michelle Sullivan as follows:

1. Compensatory including actual, consequential and incidental damages for malicious, mendacious, perjurious and fraudulent defamatory conduct in an amount in excess of $40 million U.S. Dollars, to be determined and apportioned by the jury according to proof at trial;

2. Punitive damages for malicious, mendacious, perjurious and fraudulent defamatory conduct to be awarded and apportioned by the jury in an amount in excess of $100 million U.S. Dollars in order to sufficiently punish JPMorgan Chase & Co., et al and to deter any re-occurrence of their unlawful, fraudulent and criminal conduct;

3. Cost of this lawsuit;

4. Granting any other and further relief as the Court may deem just and proper.

DATED:  October 30, 2019                    Respectfully Submitted,

_Candice S. M. Lue_

CANDICE LUE
Pro Se Plaintiff
4122 Bel Vista Court
Lodi, NJ 07644

**FIRST AMENDED COMPLAINT**                                    23

## **DEMAND FOR JURY TRIAL**

I, Pro Se Plaintiff, Candice Lue, hereby demand a jury trial.


DATED:  October 30, 2019                    CANDICE LUE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_CANDICE LUE_

_(List the name(s) of the plaintiff(s)/petitioner(s).)_

_19_ Civ. _9784_ _(KPF)(SDA)_

- against -

**AFFIRMATION OF SERVICE**

JPMORGAN CHASE & CO., ETAL
(see attached for names of all
Defendants)

_(List the name(s) of the defendant(s)/respondent(s).)_

I, _(print your name)_ Candice Lue_____, declare under penalty of perjury that I
served a copy of the attached _(list the names of the documents you served)_: First Amended
Complaint_____

upon all other parties in this case by _(state how you served the documents, for example, hand delivery,
mail, overnight express)_ mail_____ to the
following persons _(list the names and addresses of the people you served)_: Attorneys for the
Defendants: Robert Whitman and Anshel Kaplan,
Seyfarth Shaw LLP; 620 Eighth Avenue, NY, New York 10018

on _(date you served the document(s))_ October 30, 2019.

_10/30/2019_
**Dated**

_Candice S.M. Lue_
**Signature**
_4122 Bel Vista Court_
**Address**
_Lodi, New Jersey_
**City, State**
_07644_
**Zip**

**Telephone Number**

**E-Mail Address**

_Rev. 01/2013_

2019 OCT 30 PH 3: 59
SDNY PRO SE OFFICE
RECEIVED

*JUDGE FAILLA*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK, COUNTY OF NEW YORK**

| | |
|---|---|
| **CANDICE LUE, an individual,**<br><br>**Plaintiff,**<br><br>V.<br><br>**JPMORGAN CHASE & CO., a Delaware Corporation; ALEX KHAVIN, an individual; FIDELIA SHILLINGFORD, an individual; KIMBERLY DAUBER, an individual; BARUCH HOROWITZ, an individual; CHRIS LIASIS, an individual; and MICHELLE SULLIVAN, an individual; inclusive,**<br><br>**Defendants.** | **CASE NO.**<br><br>**1 9 CV 9784**<br>**COMPLAINT FOR:**<br><br>(1) *DEFAMATION*;<br><br>(2) *COMMON LAW CONSPIRACY*;<br><br>(3) *ACTUAL MALICE*;<br><br>(4) *LIBEL*;<br><br>(5) *DEFAMATION PER SE*;<br><br>(6) *DEFAMATION BY IMPLICATION*.<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DEFAMATION**

I, Pro Se Plaintiff, Candice Lue ("Candice Lue"), hereby file this action against JPMorgan Chase & Co. ("JPMorgan Chase"), Alex Khavin ("Khavin"), Fidelia Shillingford ("Shillingford"), Kimberly Dauber ("Dauber"), Baruch Horowitz ("Horowitz"), Chris Liasis ("Liasis") and Michelle Sullivan ("Sullivan"), inclusive (collectively "Defendants" or "JPMorgan Chase & Co., et al") for Defamation, Common Law Conspiracy, Actual Malice, Libel, Defamation Per Se and Defamation by Implication.

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 due to diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

1

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK, COUNTY OF NEW YORK

| | |
|---|---|
| **CANDICE LUE, an individual,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**JPMORGAN CHASE & CO., a Delaware Corporation; ALEX KHAVIN, an individual; FIDELIA SHILLINGFORD, an individual; KIMBERLY DAUBER, an individual; BARUCH HOROWITZ, an individual; CHRIS LIASIS, an individual; and MICHELLE SULLIVAN, an individual; inclusive,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 19 CV 9784 (KPF) (SDA)**<br><br>**AMENDED COMPLAINT FOR:**<br><br>(1) *DEFAMATION*;<br><br>(2) *COMMON LAW CONSPIRACY*;<br><br>(3) *FALSE AND FRAUDULENT ACTS AND CONDUCT*<br><br>(4) *ACTUAL MALICE*;<br><br>(5) *LIBEL*;<br><br>(6) *DEFAMATION PER SE*;<br><br>(7) *DEFAMATION BY IMPLICATION.*<br><br>**DEMAND FOR JURY TRIAL** |

**First Amended Complaint Pursuant to Federal Rules of Civil Procedure 15(a)(1)(A)**

Proposed Change to Complaint

Amend this Complaint to include Cause of Action for False and Fraudulent Acts and Conduct

("Third Cause of Action").

## COMPLAINT

I, Pro Se Plaintiff, Candice Lue ("Candice Lue"), hereby file this action against JPMorgan

Chase & Co. ("JPMorgan Chase"), Alex Khavin ("Khavin"), Fidelia Shillingford ("Shillingford"),

Kimberly Dauber ("Dauber"), Baruch Horowitz ("Horowitz"), Chris Liasis ("Liasis") and Michelle

<b>FIRST AMENDED COMPLAINT</b>