UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDICE LUE,

                         Plaintiff,                    19 Civ. 9784 (KPF)

             -v.-                                 **NOTICE OF INITIAL
                                                  PRETRIAL CONFERENCE**
JPMORGAN CHASE & CO., *et al.*,

                         Defendants.

KATHERINE POLK FAILLA, District Judge:

        This case has been assigned to me for all purposes.  It is hereby
ORDERED that all parties appear for an initial pretrial conference with the
Court on **February 18, 2020** at **10:00 a.m.** in Courtroom 618 of the Thurgood
Marshall Courthouse, 40 Foley Square, New York, New York.  All pretrial
conferences must be attended by the attorney who will serve as principal trial
counsel.

        All counsel are required to register promptly as filing users on ECF.
When a filing by a *pro se* party is docketed on ECF by the Clerk's Office, the
electronic notice received by counsel constitutes service under Rule 5 of the
Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5(b); Local Civil Rule 5.2;
SDNY Electronic Case Filing Rules & Instructions 9.2.

        A *pro se* party may elect to receive service of filings electronically by
completing the Consent to Electronic Service Form, available on the Court's
website at https://nysd.uscourts.gov/node/845.  Unless such consent form
appears on the docket, the *pro se* party must be served with copies of any
document filed with the Court and to file affidavits of such service with the
Court thereafter.

        IT IS FURTHER ORDERED that by Thursday of the week prior to the
initial pretrial conference, each of the parties shall submit a letter, not to
exceed five pages, providing the following information in separate paragraphs:

    (1)    A brief statement of the nature of the action and the principal
           defenses thereto;

    (2)    A brief explanation of why jurisdiction and venue lie in this Court.
           In any action in which subject matter jurisdiction is founded on
           diversity of citizenship pursuant to Title 28, United States Code,

Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman* v. *Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)     A brief description of any outstanding motions;

(5)     A brief description of any discovery that has already taken place (including any discovery pursuant to S.D.N.Y. Local Rule 33.2) and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations; and

(6)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Pursuant to the Court's Individual Rules of Practices in Civil *Pro Se* Cases ("Individual Rules"), a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be mailed to the *Pro Se* Office, United States Courthouse, 40 Foley Square, Room 105, New York, New York 10007.  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, counsel and *pro se* plaintiff are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent prior to the date of the conference via e-mail to the Orders and Judgments Clerk at the following e-mail address: judgments@nysd.uscourts.gov.

In accordance with the Court's Individual Rules, requests for an extension or adjournment may be made only by letter and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for

adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  Unless counsel and the *pro se* party are notified that the conference has been adjourned, it will be held as scheduled.

The counsel who first enters a notice of appearance is directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this Order forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel shall send a copy of this Order to that party personally.

Finally, attached to this Order is a Discovery Guide that provides a basic overview of discovery procedures and the initial pretrial conference.  The Court strongly advises *pro se* plaintiffs to read the Guide in advance of conferring with the other party or parties and in advance of the initial pretrial conference. The Guide is provided only for informational purposes, and does not override or replace any orders of the Court or rules that apply to this case.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:      November 13, 2019
            New York, New York

KATHERINE POLK FAILLA
United States District Judge

Mail to:

Candice Lue
4122 Bel Vista Court
Lodi, NJ 07644

Revised: November 7, 2019

**INDIVIDUAL RULES OF PRACTICE IN CIVIL CASES**
**Katherine Polk Failla, United States District Judge**

**Chambers**
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
(212) 805-0290
Failla_NYSDChambers@nysd.uscourts.gov

**Courtroom**
40 Foley Square, Courtroom 618
Talena Noriega, Courtroom Deputy
(212) 805-0290

**Pro Se Intake Office**
United States District Court
Southern District of New York
40 Foley Square, Room 105
New York, NY 10007
(212) 805-0175

1.   **Procedural Rules**

   A.   **Generally.**  The Court's procedures are governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices set forth below. Unless otherwise ordered, these Individual Practices apply to all civil matters before Judge Failla.

   B.   **Pilot Projects and Plans.**  If a case is designated by Order of the Court to be part of one of the Court's pilot projects or plans (including the protocols set forth in Local Civil Rule 83.10), the procedures in such project or plan shall govern to the extent that they are inconsistent with these Individual Practices.

2.   **Communications with Chambers**

   A.   **ECF.**  In accordance with the Electronic Case Filing ("ECF") Rules and Instructions, counsel are required to register as ECF filers and to enter a notice of appearance in the case promptly.  Instructions are available on the Court website, at https://nysd.uscourts.gov/electronic-case-filing.  Counsel are responsible for updating their contact information on ECF as needed, and counsel remain responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity.

**B.**     **Letters.**  Except as otherwise provided below, communications with the Court should be by letter.  Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, letters should be filed electronically on ECF, with a courtesy copy, clearly marked as such, delivered to the Court via e-mail (Failla_NYSDChambers@nysd.uscourts.gov).  E-mails shall state clearly in the subject line: (i) the caption of the case, including the lead party names and docket number; and (ii) a brief description of the contents of the letter.  Parties shall not include substantive communications in the body of the e-mail; such communications shall be included only in the body of the letter.  Copies of correspondence between counsel shall not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).  The courtesy copy of any letter filed on ECF must be an electronic copy of the filed version of the letter and must include the automatically generated ECF header (that is, the text — e.g., "Case 1:19-cv-01234-KPF Document 100 Filed 1/1/19 Page 1 of 1" — appearing at the top of each page of a document on the ECF system).

   **i.**     **By a *Pro Se* Party.**  All communications with the Court by a *pro se* party must be sent to the Pro Se Intake Office.  You may contact the Pro Se Intake Office at (212) 805-0175 during normal business hours, 8:30am - 5:00pm, Monday – Friday.  No documents or filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel should not be sent to the Court.

   **1.**     ***Pro Se* Legal Clinic.**  For interested *pro se* parties, the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York.  The Clinic, which is not part of or run by the Court, has offices at 40 Foley Square, Room LL22.  More information is available on the Court's website at: https://nysd.uscourts.gov/attorney/legal-assistance.

**C.**     **Letter Motions.**  Letter motions may be filed via ECF if they comply with the Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions.  All requests for adjournments, extensions, and pre-motion conferences should be filed as letter motions.  If the letter motion is not on consent, any opposing party should submit a letter setting forth its position, within three business days after the initial letter motion is received.  A courtesy

copy of each letter motion must also be provided to Chambers via e-mail.

**D.**    **Requests for Adjournments or Extensions of Time.**  Letter motions for adjournments or extensions of time should state: (i) the original due date; (ii) the number of previous requests for adjournment or extension of time; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.  If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least 48 hours prior to the scheduled appearance.

    **i.**    **By a *Pro Se* Party.**  Requests for extensions by *pro se* parties should be submitted to the Pro Se Office, and shall include the information specified in Rule 2(D), except that a *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order.

**E.**    **Proposed Orders and Stipulations.**  All stipulations and proposed orders — with the exception of emergency applications, including preliminary injunctions and temporary restraining orders — should be filed electronically using the Court's ECF system. Emergency applications should be filed with the Orders and Judgments Clerk, in person at 40 Foley Square, Room 105. Courtesy copies need not be sent to Chambers.  For further information, parties are directed to consult the SDNY Electronic Case Filing Rules & Instructions, available at https://nysd.uscourts.gov/electronic-case-filing.

**F.**    **Related Cases.**  After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related (e.g., 19 Civ. 1234 [rel. 18 Civ. 4321]).

**G.**    **Cases Removed from State Court.**  Counsel for the removing party or parties must, in addition to providing a copy of all process, pleadings, and papers served upon the defendants pursuant to 28 U.S.C. § 1446(a), provide the Court with a courtesy copy of any pleading filed or served while the case remained in state court. Counsel for all parties must file a notice of appearance in this Court promptly upon removal.

**H.**   **Urgent Communications.**  Materials filed via ECF are generally reviewed within one business day of filing.  If a given submission requires immediate attention, please notify Chambers by telephone after it is filed by ECF.

**I.**   **Telephone Calls.**  For docketing, scheduling, and calendar matters, call Chambers at (212) 805-0290.  Otherwise, telephone calls to Chambers are permitted only for urgent matters.

    **i.**   **By a *Pro Se* Party.**  *Pro se* parties are not permitted to telephone Chambers.  *Pro se* parties are directed to contact the Pro Se Intake Office at (212) 805-0175.

**J.**   **Faxes.**  Faxes to Chambers are not permitted.

**K.**   **Hand Deliveries.**  Where requested by the Court, hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007, and may not be brought directly to Chambers.  Hand deliveries are continuously retrieved from the Worth Street entrance by Courthouse mail staff and then taken to Chambers.  If the hand-delivered letter is urgent and requires the Court's immediate attention, however, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

**3.**   **Conferences**

**A.**   **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B.**   **Initial Case Management Conference.**  The Court will generally schedule a Fed. R. Civ. P. 16(c) conference to take place within three months of the filing of the Complaint.  The conference will be scheduled by means of a Notice of Initial Pretrial Conference that is filed on ECF.  Plaintiff's counsel is responsible for distributing the Notice of Initial Pretrial Conference to those parties who have not yet appeared in the case.  Pursuant to that Notice, the parties are required to submit via e-mail a joint letter and Proposed Civil Case Management Plan and Scheduling Order in PDF format by Thursday of the week prior to the initial pretrial conference.

***The Court schedules initial pretrial conferences with the expectation that one or more of the parties would like an in-person opportunity to bring matters to the Court's attention,***

***and it welcomes that opportunity. However, the Court recognizes that in certain circumstances — as, for example, where the parties are in agreement about the proposed discovery schedule and have no issues to raise with the Court — such conferences may represent less-efficient uses of the parties' time and resources. If the parties agree on a schedule that calls for the close of all discovery within six months, and have no other issues to raise with the Court, the parties can, if they wish, submit a Proposed Civil Case Management Plan and Scheduling Order and request in their joint letter that the initial pretrial conference be cancelled. The Court will ordinarily grant such requests.***

C. **Discovery Disputes.** The parties are to follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party seeking discovery shall promptly file on ECF a letter motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

D. **Participation by Junior Attorneys:** The Court encourages the participation of less experienced attorneys in all proceedings — including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial — particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate.

## 4. Motions

A. **Pre-Motion Submissions in Civil Cases.** Pre-motion submissions are required for motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, motions for

sanctions, and motions concerning discovery.  Motions concerning discovery are discussed in Section 3(C) above.

To request a pre-motion conference for motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions for sanctions, the putative moving party shall file a letter, not to exceed three pages, describing the grounds for the proposed motion, and whether the motion is on consent of all parties.  If the motion is not on consent, any opposing party should file a letter setting forth its position, not to exceed three pages, within three business days after the request is received.  The Court will then determine whether to hold a pre-motion conference in the matter.  A courtesy copy of each letter must also be provided to Chambers via e-mail.

The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay a defendant's time to answer or otherwise move with respect to the Complaint.

    i.    **By a *Pro Se* Party.**  Pre-motion submissions are not required from *pro se* parties.  If the *pro se* party's adversary files a pre-motion submission, the *pro se* party may, but is not required to, file a response to the pre-motion submission.  Any such response shall be due three business days after the pre-motion submission is received by the *pro se* party.

**B.**    **Memoranda of Law.**  The typeface, margins, and spacing of motion papers must conform to Local Civil Rule 11.1.  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  All memoranda of law shall be in 12-point font or larger, double-spaced, and text-searchable.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit.  Sur-reply memoranda will not be accepted without prior permission of the Court.  All appendices to memoranda of law must be indexed.

**C.**    **Filing of Motion Papers.**  Motion papers shall be filed with the Clerk's Office promptly after service.

**D.**    **Courtesy Copies.**  One courtesy copy of all motion papers, marked as such, shall be mailed or hand-delivered to the Court by the movant at the time the reply is served.  All courtesy copies should be double-sided, three-hole-punched, tabbed, and placed in binders.

**E.**    **Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are

filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F.    Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Section 7(C) below.

**G.    Motions to Exclude the Testimony of Experts.**  Pursuant to Rules 702-705 of the Federal Rules of Evidence and the line of cases beginning with *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), motions to exclude testimony of experts must be made by the deadline for dispositive motions and should not be treated as motions *in limine.*

**H.    *Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

**I.    Default Judgments.**  A plaintiff seeking a default judgment must proceed by way of an Order to Show Cause pursuant to the procedure set forth in Attachment A.

**5.    Special Rules for Summary Judgment Motions.**

**A.    Generally Not Available in Non-Jury Cases.**  Absent good cause, the Court will not have summary judgment practice in a non-jury case.

**B.    Courtesy Copy of Deposition Transcript.**  Except in *pro se* cases, the parties shall provide the Court with an electronic, text-searchable courtesy copy of any hearing or deposition transcript on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome.  Parties should provide these materials on a CD only, not on a DVD or memory stick and not by e-mail.  Where parties rely on deposition testimony, they should not include excerpts of deposition transcripts as exhibits, but rather should include (only once) the entire deposition transcript as an exhibit.

**C.    Local Rule 56.1 Statements.**  Pursuant to Local Civil Rule 56.1, a movant for summary judgment shall file a statement of material undisputed facts and the opposing party shall respond.

**i.    Electronic Copy to Other Parties.**  Except in *pro se* cases, the moving party should provide all other parties with an electronic copy, in Microsoft Word format, of the moving

party's Statement of Material Facts Pursuant to Local Civil Rule 56.1.

ii. **Organization of 56.1 Statements.** The 56.1 Statement must be organized into numbered paragraphs and each numbered paragraph must contain only one factual assertion. Each factual assertion must be followed by a citation to the portion(s) of the evidentiary record relied upon.

Except in *pro se* cases, opposing parties must reproduce each entry in the moving party's 56.1 Statement, and set out the opposing party's response directly beneath it. The response must state specifically what is admitted and what is disputed, and the basis for any dispute, citing specific portions of the evidentiary record relied upon. The response may go on to make additional factual allegations in paragraphs numbered consecutively to those of the moving party (*i.e.*, they do not begin re-numbering at 1). If additional factual allegations are made by the opposing party, the moving party must file its own responsive 56.1 Statement addressing the additional assertions.

iii. **Multiple Parties Must Coordinate Statements.** If multiple parties are submitting 56.1 Statements, they must coordinate their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements.

iv. **Statement of Facts.** Each memoranda of law must include a statement of facts, and may not simply incorporate by reference the entirety of a party's 56.1 Statement.

6. **Other Pretrial Guidance**

A. **Applications for a Temporary Restraining Order.** A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she must call Chambers at (212) 805-0290 and state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary. If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must bring the application to the Court at a time

mutually agreeable to the party and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

**B.**    **Settlement Agreements.**  The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

**C.**    **Diversity Jurisdiction Cases.**  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, e-mail to the Court a letter no longer than three pages explaining the basis for that party's belief that diversity of citizenship exists.  In cases where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

**D.**    **Bankruptcy Appeals.**   The briefing schedule and format and length specifications set forth in the applicable provisions of Federal Rules of Bankruptcy Procedure shall govern unless otherwise ordered by the Court.  Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

**7.**    **Trial Procedures**

**A.**    **Joint Pretrial Order.**  The Court will set the deadline for the submission of the Joint Pretrial Order at a conference that will follow either the close of discovery or the resolution of dispositive motions.  On the date ordered by the Court, the parties shall file on ECF, and e-mail to the Court, a proposed joint pretrial order, which shall include the following:

  **i.**    The full caption of the action;

  **ii.**    The names, law firms, addresses, and telephone and fax numbers of trial counsel;

iii.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

iv.    A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.  The summaries should not recite any evidentiary matter;

v.    A statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

vi.    A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

vii.    A list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;

viii.    A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

ix.    Any stipulations or agreed statements of fact or law to which all parties consent;

x.    A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

xi.    A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party;

xii.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground;

xiii.    A statement of the damages claimed and any other relief sought, including the manner and method used to calculate

any claimed damages and a breakdown of the elements of such claimed damages; and

xiv.  A statement of whether the parties consent to less than a unanimous verdict.

**B.  Required Pretrial Filings.**  Each party shall file and serve with the joint pretrial order:

i.  In both jury and non-jury cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine*.  Opposition papers shall be filed within seven days thereafter, and reply papers, if any, shall be filed within four days of any opposition;

ii.  In all cases where a party believes it would be useful to the Court, a pretrial memorandum of law;

iii.  In jury cases, requests to charge and proposed *voir dire* questions that shall be submitted as both .pdf and Microsoft Word documents; and

iv.  In non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

**C.  Additional Submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall e-mail to the Court and serve on opposing counsel, but not file on ECF, the following:

i.  Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits;

ii.  All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for

each deposition.  Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

    **iii.**    All documentary exhibits.

**D.**    **Filings in Opposition.**  Any party may file on ECF, and e-mail to the Court, the following documents within one week after the filing of the pretrial order, but in no event less than two days before the scheduled trial date:

    **i.**    Objections to another party's requests to charge or proposed *voir dire* questions;

    **ii.**    Opposition to any motion *in limine*, due within seven days of the filing of the motion; and

    **iii.**    Opposition to any legal argument in a pretrial memorandum.

**E.**    **Courtesy Copies.**  Two courtesy copies of all documents identified in Sections 7(A), (B), (C)(i-ii), and (D) above should be mailed or hand-delivered to Chambers on the date on which they are to be served or filed.  Only one set of documentary exhibits is required.  Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

**F.**    **Trial Schedule.**  Trials will generally be conducted Monday through Friday from 9:00 a.m. to 2:45 p.m., with one short break from approximately 12:30 p.m. to 1:00 p.m.

**G.**    **Jury Selection.**  The jury will be selected by the struck panel method.

**8.**    **Trial Procedures in *Pro Se* Cases**

**A.**    **Generally.**  Rule 7 applies equally to cases involving a *pro se* party, with the following exceptions:

    **i.**    **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (i) a statement of the facts the *pro se* party hopes to prove at trial; (ii) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (iii) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial.

The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party. The *pro se* party shall file an original of this Statement with the Pro Se Intake Office.  Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same categories of information.

ii.    **Pretrial Filings.**  The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.  Counsel for any represented party is directed to follow Rule 7(B)-(D).

9.    **Redactions and Sealed Filings**

A.    **Redactions Not Requiring Court Approval.**  The parties are referred to the E-Government Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy").  There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution."  Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]).  Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

B.    **Redactions and Sealed Filings Requiring Court Approval.**  Except for redactions permitted by the previous paragraph, all redactions or sealing of public court filings require Court approval.  To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public

access to judicial documents.  *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

C.   **Procedures for Filing Documents with Redactions.**  Any party seeking to file a document with partial redactions should follow the following three steps:

  i.   **ECF Filing of the Redacted Document(s).**  The party should file the redacted version of the document on ECF.

  ii.   **Filing or E-mailing of a Letter-Motion Seeking Leave to File with Redactions.**  If the party is seeking leave of the Court to redact the document (i.e., if the redactions are not among the categories of redactions that can be made without Court approval), the party should simultaneously file on ECF a letter motion seeking leave to file the document with those redactions. The letter motion must explain the purpose of the redactions, and why the redactions are consistent with the standards discussed in Paragraph 9(B) above.  (The party should endeavor to draft the letter motion in a form that can be filed publicly on ECF.  If, however, the party believes that the letter motion itself should be sealed or redacted, the party should include an unredacted copy of the letter-motion as an attachment to the email described in Paragraph 9(C)(iii) below, and — if possible — file a redacted version of the letter-motion on ECF.)

    **iii.**   **E-mailing of Documents to Chambers**.  At the same time, the party should e-mail to Chambers ([Failla_NYSDChambers@nysd.uscourts.gov](mailto:Failla_NYSDChambers@nysd.uscourts.gov)) (i) a clean (i.e., unredacted) copy of the document; (ii) a copy of the document highlighting the information that has been redacted in the ECF filing; and (iii) an unredacted copy of the letter motion described in Paragraph 9(c)(ii), should the party also be seeking leave to file that letter motion with redactions or under seal.

**D.**    **Procedure for Filing Sealed Documents**

    **i.**   **Sealing Exhibits.**  Any party seeking leave to file an unsealed or redacted document with a fully sealed exhibit attached thereto should file the main document (in accordance with the procedures above, if the party seeks to do so with redactions) on ECF, accompanied by a single page marked "SEALED" in place of any exhibit that the party seeks leave to file under seal, regardless of the actual length of such exhibit.  The party should simultaneously file a letter motion seeking leave to file in that manner according to the procedure described in Paragraphs 9(C)(ii)-(iii) above.

    **ii.**   **Sealing Entire Documents.**  Any party seeking leave to file under seal an entire submission (with or without exhibits) should not file anything on ECF in the first instance. Instead, the party should e-mail an unredacted copy of the submission to Chambers ([Failla_NYSDChambers@nysd.uscourts.gov](mailto:Failla_NYSDChambers@nysd.uscourts.gov)) and should include as an attachment to the e-mail a letter motion seeking leave to file the document under seal.  The letter motion must explain why sealing is justified in light of the standards discussed in Paragraph 9(B) above.  If the party believes that the letter motion itself should be sealed or redacted, the letter motion should so state and should provide the justification therefor.  The Court will include instructions for filing sealed or redacted versions of the document and accompanying letter motion, if necessary, in any order disposing of the motion to seal.

**10.**   **Policy on the Use of Electronic Devices**

Attorneys' use of electronic devices (including mobile telephones, personal electronic devices, computers, and printers) within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at [https://nysd.uscourts.gov/sites/default/files/pdf/standing-order-electronic-devices.pdf](https://nysd.uscourts.gov/sites/default/files/pdf/standing-order-electronic-devices.pdf).  If required by the Standing Order, counsel

seeking to bring a device into the Courthouse shall submit a copy of the Electronic Devices General Purpose Form, available at https://nysd.uscourts.gov/node/766, to the Court by e-mail at least 24 hours prior to the relevant trial or hearing.  Untimely requests may be denied on that basis alone.  If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they **must** be kept turned off at all times.  Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

**ATTACHMENT A**

**DEFAULT JUDGMENT PROCEDURE**

1.  Obtain a Certificate of Default from the Clerk's Office for each defaulting party stating that no answer or response has been filed.

2.  Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Failla in Courtroom 618.  Leave blank the date and time of the conference. Judge Failla will set the date and time when she signs the Order.

3.  Provide the following supporting papers with the Order to Show Cause.

    a.  An attorney's affidavit setting forth:

        i.   the basis for entering a default judgment, including a description of the method and date of service of the Summons and Complaint;

        ii.  the procedural history beyond service of the Summons and Complaint, if any;

        iii. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

        iv.  the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

        v.   the legal authority for why an inquest into damages would be unnecessary.

    b.  A proposed default judgment.

    c.  Copies of all of the pleadings.

    d.  A copy of the Affidavit of Service of the Summons and Complaint.

    e.  If failure to answer is the basis for the default, a Certificate of Default from the Clerk of Court.

4.  Bring the Order to Show Cause and supporting papers to the Orders and Judgments Clerk (Room 105, 40 Foley Square) for approval.

5.    After the Orders and Judgments Clerk approves the Order to Show Cause, promptly contact Chambers at (212) 805-0290 to arrange for delivery of the papers to Chambers for the Judge's signature.  Also bring a courtesy copy of the supporting papers to leave with Chambers.

6.    After the Judge signs the Order, serve a conforming copy of the Order and supporting papers on the defendant.  Chambers will retain the original signed Order for docketing purposes, but will supply you with a copy.

7.    At the same time, unless otherwise instructed by the Court, electronically file the Order to Show Cause and supporting papers via ECF, in accordance with the SDNY Electronic Case Filing Rules & Instructions, available at https://nysd.uscourts.gov/electronic-case-filing.

8.    Prior to the return date, file an affidavit of service, reflecting that the defendant was served with the Order to Show Cause and supporting papers, via ECF.

9.    Prior to the return date, take the proposed judgment, separately backed, to the Orders and Judgments Clerk for the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.