UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANDICE LUE,<br><br>                               Plaintiff,<br><br>                    -v.-<br><br>JPMORGAN CHASE & CO.; ALEX KHAVIN; FIDELIA SHILLINGFORD; KIMBERLY DAUBER; BARUCH HOROWITZ; CHRIS LIASIS; and MICHELLE SULLIVAN,<br><br>                               Defendants. | 19 Civ. 9784 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On May 10, 2022, the Second Circuit issued a mandate remanding this case back to the District Court for further proceedings to determine whether there exists complete diversity of citizenship between the parties. (Dkt. #43). Prior to the issuance of the Second Circuit mandate, Plaintiff submitted a letter, dated April 20, 2022, communicating her belief that at least two of the Defendants "lived permanently in [her] home state of New Jersey at the time of the serving of this lawsuit." (Dkt. #42). On June 1, 2022, Defendants filed a letter confirming that three of the individual defendants — Alex Khavin, Kimberly Dauver, and Michelle Sullivan — are residents of Plaintiff's home state of New Jersey. (Dkt. #46).

Federal district courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co.* v. *Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived

and may be raised at any time by a party or by the Court *sua sponte*. *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh* v. *Y & H Corp.*, 546 U.S. 500, 513 (2006). Here, Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which provides jurisdiction based on diversity of citizenship. *Id.* A plaintiff properly invokes diversity jurisdiction pursuant to Section 1332 when she presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. *Id.*; *see also* 28 U.S.C. § 1332. But here, it is uncontested that complete diversity of citizenship does not exist between the parties, because both Plaintiff and three of the individual defendants are citizens of New Jersey. (*See* Dkt. #42, 46). Accordingly, Plaintiff has not established this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Out of an abundance of caution and in light of her *pro se* status, the Court has also considered whether this Court may exercise federal question jurisdiction pursuant to 28 U.S.C § 1331. A plaintiff may be establish subject matter jurisdiction pursuant to Section 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiff does not allege that her claims arise under any federal laws, and the Court is unable to discern from the First Amended Complaint any legal

2

theory that would provide relief to Plaintiff under federal law. Even when liberally construed, the First Amended Complaint enunciates only claims premised on state defamation law. Accordingly, Plaintiff has failed to establish federal question subject matter jurisdiction.

For these reasons, Plaintiff's case is DISMISSED without prejudice for want of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

Dated:   June 3, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge